# UNITED STATES DISTRICT COURT

**WESTERN**     District of     **NORTH CAROLINA**

UNITED STATES OF AMERICA

V.

ADRIAN JERELD FREEMAN

*Defendant*

### ORDER OF DETENTION PENDING TRIAL

Case     2:06cr12-2

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §841(a)(1) & 846 .
  - ☐ under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| Date | Signature of Judge |
|------|--------------------|
|      | Dennis L. Howell, United States Magistrate Judge |
|      | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 2:06cr12-2

UNITED STATES OF AMERICA,

Vs.                                                                                          **ADDENDUM TO**
                                                                                                    **DETENTION ORDER**

ADRIAN JERELD FREEMAN.

_____

## I.   FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)**  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;

**(2)**  the weight of the evidence against the person;

**(3)**  the history and characteristics of the person, including--

> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

II.                                    FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a narcotic drug.

**(g)(2):** The weight of the evidence against the person appears to be at the probable cause level. Evidence was not presented as to this issue by the government. The grand jury in this matter did find probable cause and therefore, as stated above, the level of evidence presented is at the probable cause level.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties, employment, a length of residence in the community and community ties. In regard to the defendant's history relating to drug or alcohol abuse, the defendant's criminal record does not show that the defendant has ever had any convictions for any type of drug or alcohol abuse, although there is a case pending for possession of drug paraphernalia that allegedly occurred on November 8, 2005. The United States Pretrial Services Report does show that the defendant has been abusing a controlled substance for the last year and two months. In regard to the defendant's criminal record, it appears that the defendant was found guilty of second degree trespassing on August 25, 2005 and failure to pay child support on May 25, 2005. The defendant's record regarding appearance at court appearances is not good in that the defendant was called and failed in regard to a charge of possession of drug paraphernalia on January 10, 2006 and that the defendant failed to appear in regard to a traffic charge on January 27, 2006.

(B) Whether at the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. During the period alleged in the Bill of Indictment the defendant was placed on unsupervised probation on August 23, 2005 as a result of his plea of guilty to second degree trespassing and that the defendant, at the time of his arrest, was on pretrial release for charges of possession of drug paraphernalia and obtaining property by false pretense.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that due to the defendant's apparent substance abuse history and based upon his criminal history and his alleged involvement in a methamphetamine conspiracy, that there is a danger to any other person or the community that would be posed by the defendant's release. The use of methamphetamine creates a

danger, not only to any other person or the community but also to the defendant. The undersigned has determined to detain the defendant for a period of 45 to 90 days and to order that during the period of time the defendant be placed in the Jail Based Inpatient Treatment Program developed by the United States Probation Office of the Western District of North Carolina. Upon successful completion of this program, it is ordered that the defendant's counsel file a motion requesting that the undersigned reconsider the issue of the defendant's detention based upon a change of circumstances, that being the completion of the Jail Based Inpatient Treatment Program. At that time, the undersigned will reconsider the issue of continued detention of the defendant.

Signed: May 15, 2006

Dennis L. Howell
United States Magistrate Judge