FILED
ASHEVILLE, N. C.
JUL 24 2006
U.S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 2:06CR12-02 |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| ADRIAN JERELD FREEMAN | ) | |

NOW COMES the United States of America, by and through Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, and the defendant, Adrian Jereld Freeman, in person and through counsel, David Belser, and respectfully inform the Court that they have reached the following agreement:

### I. Plea

1. The defendant agrees to enter a voluntary plea of guilty to Counts ONE and FIVE as set forth in the Bill of Indictment, and admits to being in fact guilty as charged in Counts ONE and FIVE.

### II. Sentence

2. The defendant is aware that the statutory minimum and maximum sentences for each count are as follows:

   Count ONE: a $ 4,000,000 fine, no fewer than 10 years and no more than life imprisonment, or both, and no more than 5 years supervised release. If the defendant committed the violation after a prior conviction for a felony drug offense, the statutory minimum is no fewer than 20 years and the maximum is no more than life imprisonment, an $8,000,000 fine, or both, and no more than 5 years supervised release. If the defendant committed the violation after two prior convictions for felony drug offenses, the statutory minimum is life imprisonment.

   Count FIVE: a violation of 18 U.S.C. § 924(c)(1). The sentence is consecutive to any other sentence, and the maximum sentence is life imprisonment, a fine of $250,000, and five years supervised release. The statutorily required minimum sentence is 5 years imprisonment, 7 years if the firearm was brandished, 10 years if the firearm was discharged, a $250,000 fine, and no more than three years supervised release.

3. The defendant understands that supervised release is a term of supervision that runs consecutively to any sentence of incarceration and that if the Court imposes a term of

1

supervised release, the United States Probation Office will supervise him during that term and will require that he make regular reports and visits to its office. The defendant understands that a violation of the conditions of supervised release may subject him to an additional period of incarceration up to the maximum term of years imposed as supervised release.

4. The defendant is aware that the Court will consider the *United States Sentencing Guidelines [U.S.S.G.]* in determining the appropriate sentence and that the sentence will be without parole. The defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count. The defendant further understands that no recommendations or agreements by the United States are binding upon the Court.

5. With regard to the *United States Sentencing Guidelines*, the defendant and the United States, pursuant to Fed. R. Crim P. 11(c)(1)(B), stipulate and agree to the following:

   a. The amount of methamphetamine (actual) that was known to or reasonably foreseeable by the defendant was in excess of 5 grams but less than 20 grams.

   b. Provided that the defendant clearly demonstrates acceptance of responsibility for his offense, as well as all relevant conduct, the government will recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1(b)(2). This provision is conditioned upon the defendant's compliance with any terms or conditions of pre-sentence release.

   Provided that the defendant has timely provided information to the government concerning his involvement in the offense charged, or has timely notified authorities of an intention to plead guilty, the government will recommend an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b)(2). The United States will determine in its sole discretion whether to move for the additional one-level reduction.

   However, the defendant understands that any reduction in offense level is ultimately for the Court's determination.

   c. The defendant and the United States agree that the appropriate sentence is one within "the applicable guideline range" (U.S.S.G. § 5C1.1) and that neither party will seek a departure from that range.

   d. Notwithstanding any recommendations in the Plea Agreement as to the offense level, if the Probation Office determines from the defendant's criminal history that

2

U.S.S.G. § 4B1.1 (Career Offender) applies, that provision may be used in determining the sentence. Should a statutory minimum sentence apply, the Court shall impose a sentence no lower than that statutory minimum.

6. The defendant agrees to pay full restitution, regardless of the resulting loss amount, which restitution will be included in the Court's Order of Judgment. The defendant agrees that such restitution will include all victims directly or indirectly harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 3663 or 3663A. The defendant consents to a civil judgment in state of federal court concerning a claim filed by a "victim" as defined in 18 U.S.C. §§ 3663(a)(2) and 3663A(a)(2). The defendant understands that with a Judgment and Commitment Order that requires the payment of restitution, a lien will be filed on his property. Defendant also understands that his obligation to make restitution shall last for twenty years after the entry of the judgment, release from imprisonment, or until his death. 18 U.S.C. § 3613.

The defendant agrees to truthfully complete a financial statement form provided by the United States Attorney. The defendant shall date said form and sign it under penalty of perjury, thereby acknowledging that his financial statement fully and completely discloses his financial condition as of the date it is signed. Defendant shall update the financial statement with any material changes to his financial condition. Defendant shall provide his signed and dated financial statement within 30 days of his signature on this plea agreement and any updates within seven days of the event changing his financial condition. Defendant understands and agrees that his financial statement will be used for the collection of any fine or restitution ordered by the Court, and the identification of property subject to forfeiture. The parties agree that the defendant's failure to timely and accurately complete and sign a financial statement and any update may, in addition to any other penalty or remedy authorized by law, constitute his failure to accept responsibility under U.S.S.G. § 3E1.1.

For the preparation of his Presentence Report, the defendant agrees to cooperate fully with and make a full disclosure of all current and projected assets and property to the United States Probation Office. If the defendant is ordered to serve a term of supervised release or probation, he agrees to make a full disclosure of his assets and property to the United States Probation Office prior to the termination of his supervised release or probation. If the defendant should fail to make the aforementioned full disclosures, then the United States will be relieved of its obligations under the Plea Agreement, but the defendant will not be allowed to withdraw his guilty plea.

7. The parties agree that the Court shall set the amount of fine and shall consider the Fine Table in U.S.S.G. § 5E1.2 as advisory.

3

8.  If more than $500.00 in restitution, fines, and/or assessment is owed to the United States government, a lien will be filed. The defendant understands that if a lien is filed against his property, his obligation to pay restitution shall last for twenty years after any imprisonment ordered or until his death. 18 U.S.C. § 3613.

9.  The parties stipulate that, pursuant to 21 U.S.C. §§ 862 and 862(a), the defendant will be ineligible for all federal benefits for five years after the date of sentencing. If the Court determines that this conviction is the second federal or state offense for distributing controlled substances, the defendant will be ineligible for all federal benefits for ten years after the sentencing. If the Court determines that this conviction is the third or subsequent such offense, the defendant will be permanently ineligible for all federal benefits.

10. The defendant hereby agrees to pay the total amount required for assessment to the Clerk, United States District Court, before 5:00 p.m. on the date of pleading guilty. The defendant further agrees to participate in the Inmate Financial Responsibility Program to the extent necessary to fulfill all financial obligations due and owing under this agreement and the law.

11. The defendant agrees to reimburse the United States for the cost of court-appointed counsel and agrees that the Court may include such reimbursement in the Order of Judgment.

### III. Procedure

12. The defendant agrees that a duly-qualified federal Magistrate Judge may conduct the hearing required by Fed. R. Crim. P. 11.

13. With the Court's permission, the factual basis, as required by Fed. R. Crim. P. 11(b)(3), will be deferred until the time of sentencing. The defendant stipulates that there is a factual basis for the plea of guilty and that the Court may use the offense conduct set out in the Presentence Report, except any facts to which the defendant has objected, to establish a factual basis for the defendant's plea.

### IV. Waivers

14. The defendant understands and agrees that if he should fail to specifically perform or to fulfill completely each and every one of his obligations under this Plea Agreement, then the United States will be relieved of its obligations under the agreement, but the defendant will not be allowed to withdraw his guilty plea.

15. The defendant is aware that the law provides certain limited rights to withdraw a plea of guilty. The defendant has discussed these rights with defense counsel and knowingly and

expressly waives any right to withdraw the plea once the District Court has accepted it.

16. The defendant acknowledges that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 are rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these Rules. As a result of this waiver, he understands and agrees that any statements which are made in the course of his guilty plea or in connection with his cooperation pursuant to this plea agreement will be admissible against him for any purpose in any criminal or civil proceeding if his guilty plea is subsequently withdrawn.

17. The defendant understands and agrees that by pleading guilty, he is expressly waiving the following rights:

    a. to be tried by a jury;
    b. to be assisted by an attorney at trial;
    c. to confront and cross-examine witnesses; and,
    d. not to be compelled to incriminate himself.

18. Defendant and defendant's counsel warrant that they have discussed: (1) defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction after entering into a plea agreement; (2) whether or not there are potential issues which might be relevant to an appeal or post-conviction action; and (3) the possible impact of any such issue on the desirability to the defendant of entering into this plea agreement.

    Defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel, or (2) prosecutorial misconduct.

    Also, in exchange for the concessions made by the United States, defendant agrees that the United States preserves all its rights and duties with respect to appeal as set forth in 18 U.S.C. § 3742(b), while the defendant waives all rights to appeal or collaterally attack the sentence of conviction with three the exceptions set for above. This agreement docs not limit the United States in its comments in or responses to any post-conviction matters.

19. The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

20. The defendant stipulates that any sentence that falls within the applicable guideline range

5

the applicable range as recommended by the government is *per se* reasonable. The

as determined by the United States Probation Office and pursuant to any departures from the applicable range as recommended by the government is *per se* reasonable. The defendant waives any right to contest such a sentence on the basis that the Court's imposition of such a sentence was unreasonable or an abuse of its discretion.

## V. Assistance to Government

21. If requested by the United States, but only if so requested, the defendant agrees to cooperate with the United States, including but not limited to the following:

    a. The defendant will provide truthful information about the subject charges and about any other criminal activity within the defendant's knowledge to any government agent or agency that the United States designates.

    b. The defendant will testify truthfully in any trial, hearing, or grand jury proceeding, including, but not limited to, testimony against any co-defendants, as the United States designates.

    c. The defendant will truthfully disclose all monies, negotiable instruments, securities, or other things of value that are proceeds of or have been involved in, or have been used or intended to be used to facilitate a violation of state or federal law. The defendant further agrees to voluntarily forfeit said property to the United States.

    d. In the event that the defendant's cooperation includes testifying, the defendant hereby waives payment of any witness fees or expenses to which he may be otherwise entitled pursuant to 28 U.S.C. § 1821.

    e. The defendant understands that the United States desires only truthful and accurate information and testimony and, in fact, that knowingly giving false information or testimony can be prosecuted as an additional criminal offense.

       Further, if the defendant knowingly gives false testimony, the United States will be relieved of its obligations under this Plea Agreement, except that the defendant's plea of guilty and the resulting guilty verdict will stand.

    f. The defendant will not violate any federal, state, or local law, or any order of any court, including any conditions of pretrial, pre-sentence, or post-sentence release.

       Nothing that the defendant discloses pursuant to this Plea Agreement will be used against him in any other criminal proceeding, subject to the following exceptions:

6

1. the United States or other jurisdiction may use any and all relevant information regarding crimes of violence;

2. the United States may use any and all information as necessary in a prosecution for perjury, or in any trial for impeachment or rebuttal;

3. if the defendant withdraws his plea of guilty, the United States may use any and all disclosures in any subsequent trials or criminal proceedings;

4. if the defendant violates any of the terms of this Plea Agreement, including the obligation to provide truthful information, then the United States may use any and all disclosures in subsequent trials or criminal proceedings; and,

5. the United States may make indirect use of any information that the defendant provides, including investigative leads or other witnesses.

g. The defendant's obligation under this section is a continuing one, and will continue after sentencing until all investigations and/or prosecutions to which the defendant's cooperation may be relevant have been completed. This provision is a material condition of this Plea Agreement and of all benefits that accrue to the defendant pursuant to this agreement.

In the interests of fulfilling all obligations under this section, the defendant agrees to waive all rights under Chapters 213 and 208 of Title 18 until such time as the United States determines that all relevant investigations and/or prosecutions have been completed.

h. The defendant fully understands that any breach of this agreement, including but not limited to withholding information, misleading the United States or any law enforcement officer, or failing to testify truthfully at any trial, grand jury, or other judicial proceeding, will allow the government, in its sole discretion, to withdraw from its obligations under this Plea Agreement. In such event, the United States will be free to proceed on any properly-filed pending, superseding, or additional charges, including any charges dismissed pursuant to this agreement.

22. When and if the defendant assists the government as described above:

a. The United States, in its sole discretion, will determine whether said assistance has been substantial.

b. Upon a determination that the defendant has rendered substantial assistance, the government may make a motion pursuant to U.S.S.G. § 5K1.1 for imposition of a

7

sentence below the applicable Sentencing Guidelines. The United States may also, within its sole discretion, move the Court pursuant to 18 U.S.C. § 3553(e) to impose a sentence below any applicable statutory mandatory minimum.

The defendant recognizes that, even if the United States makes a recommendation pursuant to U.S.S.G. § 5K1.1, the Court cannot depart below the statutory minimum unless the United States also includes a specific recommendation pursuant to 18 U.S.C. § 3553(e).

c. Regardless of the nature and extent of any substantial assistance that the defendant renders, the United States will not move for a downward departure if the defendant also knowingly furnishes information that is materially false.

d. Any determination that the defendant has failed to provide substantial assistance or has knowingly provided false information is within the sole discretion of the United States, and the defendant waives all objections and rights of appeal or collateral attack of such a determination.

e. The defendant understands that if the United States makes a motion for downward departure, the motion is not binding on the District Court. The Court will determine in its discretion whether to grant or deny such departure and the extent of the departure.

## VI  Forfeiture

23. The defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Bill of Indictment including, but not limited to, all assets specifically listed in the Bill of Indictment. The Court has jurisdiction over the disposition of such items and may order the investigative agency to dispose of the items in such manner as provided by the agency's regulations.

24. The United States and the defendant enter into this agreement on the basis of the defendant's express representation that he is making a full and complete disclosure of all assets over which he exercises control.

If the United States later discovers that the defendant has not fully disclosed all such assets, the United States, in its sole discretion, may withdraw from its obligations under this Plea Agreement. However, the defendant's guilty plea will stand. Alternatively, the United States may seek the forfeiture of any subsequently-discovered assets, in which case the defendant agrees that such assets are governed by this Plea Agreement just as if they had been properly disclosed and listed herein.

8

25. Attached hereto as Exhibit 1 is a list of every item of real and/or personal property that he either owns, has a possessory interest in, or controls. This list contains all properties, whether drug related or non-drug related. The defendant agrees to the forfeiture of all assets specifically listed in the Bill of Indictment and any interest he or any members of his family may have in the items in Exhibit 1. For purposes of any preliminary or final order of forfeiture under Fed. R. Crim. P. 32.2, the defendant warrants that he has or had a possessory interest or other legal interest in each such item or property, except as specifically stated in Exhibit 1. If applicable, he consents to the use of the property (or the net equity value of the property) to pay restitution in connection with the crimes charged in the Bill of Indictment.

26. This agreement does not bind the Internal Revenue Service or affect its authority to collect taxes.

27. By this agreement, the defendant agrees to forfeit all interests in the properties listed in Exhibit 1 and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures, and signing any other documents necessary to effectuate such transfers.

28. The defendant hereby acknowledges and states that the funds from the financial institutions listed in Exhibit 2 attached hereto, are criminal proceeds and hereby voluntarily agrees to surrender the funds in those accounts to the United States to be forfeited as criminal proceeds.

    The defendant further agrees to direct the above-mentioned financial institutions to turn over to him all funds and records regarding the aforementioned accounts. Upon receipt of said funds and records, the defendant agrees to surrender them to the United States.

29. The defendant agrees to a pre-plea investigation by the United States government for the purpose of assessing the value of each and every asset. The defendant agrees to undergo a full debriefing in order to accomplish this end.

30. By this agreement, the defendant further agrees to identify fully all assets, either domestic or foreign, that have been acquired either directly or indirectly through the unlawful drug trafficking activities of co-defendants, co-conspirators or other drug traffickers or identify which assets were used or intended to be used to facilitate the unlawful drug activities of said co-defendants, co-conspirators or other drug traffickers. The defendant further agrees to assist the United States fully in the recovery and return to the United States of all such assets and also agrees to prevent the disbursement of any moneys and sale of any property or assets identified, if such disbursements or sales are within the defendant's direct or indirect control. The defendant further agrees not to encumber or transfer any real estate that he owns after his signing of this Plea Agreement.

9

31. Defendant agrees to the entry of a preliminary order of forfeiture as to all of defendant's interest in this property. Defendant has surrendered or will surrender the property under defendant's control to the United States Marshal or other agent of the United States. To the extent that any of this property was not included in a notice of forfeiture in the Bill of Indictment, defendant waives all rights under Fed. R. Crim. P. 32.2(a). If any of this property is not otherwise subject to forfeiture, defendant agrees to its forfeiture as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute.

32. Defendant further understands and agrees that the United States may commence an administrative action and/or a separate civil action for forfeiture of this property if it is not used for restitution. Defendant therefore waives all claims to the property and all rights of redemption and reinstatement in connection with any lien or security interest held by any lender; stipulates to probable cause for its forfeiture as proceeds of and/or property used to facilitate one or more violations of 21 U.S.C. § 841 as charged in the Bill of Indictment; and agrees to its forfeiture to the United States for disposition according to law. Defendant consents to the assignment of any related civil forfeiture case to the District Judge or Magistrate Judge assigned to any part of this criminal case. Defendant waives further notice in any proceedings necessary to obtain a civil judgment of forfeiture and consents to the Magistrate Judge conducting all proceedings necessary for any civil forfeiture of the property, including entry of an Order of Judgment, pursuant to 28 U.S.C. § 636(c). Defendant waives all rights to compliance by the United States with any and all applicable deadlines under 18 U.S.C. § 983(a).

33. If and when requested to do so by the government, defendant agrees to ask any nominee holder of the property to execute a form waiving all rights to the property and consenting to forfeiture and/or use of the property for restitution.

34. The defendant agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed and title to all assets have fully vested in the United States. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

## VII. Conclusion

35. The defendant understands that if he breaches this Plea Agreement, or violates any federal, state or local law, or any order of any court, including any condition of pre-trial or pre-sentence, or post-sentence release, the United States will be relieved of its obligations under this Plea Agreement, but the defendant will not be allowed to withdraw his guilty plea. The United States will be free to proceed on any properly-filed dismissed, pending, superseding, or additional charges.

36. There are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement and none will be entered into unless executed in writing and signed by all parties.

SO AGREED:

_____  DATED: 7-24-06
DON GAST, Assistant United States Attorney

_____  DATED: 7/15/06
DAVID BELSER, Attorney for Defendant

_____  DATED: 7/19/06
ADRIAN JERELD FREEMAN, Defendant

11