## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION
## 2:06CR12-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ADRIAN JERELD FREELD FREEMAN. | ) | |
| _____ | ) | |

**THIS MATTER** coming on to be heard and being heard before the undersigned on July 21, 2006 concerning the issue of the defendant's compliance with an order setting conditions of release which the undersigned entered on July 20, 2006 and from the evidence offered in this matter by Eric Simpson, United States Probation Officer, and the records in this cause, the undersigned makes the following findings.

**Findings:** On July 20, 2006 the undersigned entered an order releasing the defendant on terms and conditions of pretrial release. These conditions included the following:

1) That the defendant be placed in the custody of his mother, D. Anita Freeman, who agreed to supervise the defendant in accordance with the conditions of release and to notify the court immediately in the event the defendant violated any conditions of release;

2) That the defendant have no contact with anyone involved in the unlawful use, possession or trafficking of drugs or involved in any other unlawful conduct; and

3) That the defendant be confined to the home of D. Anita Freeman at all times except for certain exceptions. The home detention included electronic monitoring.

On July 21st Officer Simpson was told by Ms. Freeman that after this court had entered the terms and conditions of release that the defendant had objected to those conditions. The defendant objected to residing with Ms. Freeman, his mother, and wanted to reside with his girlfriend. Ms. Freeman further advised Officer Simpson that she had been told by officers of the Jackson County Sheriff's Office that the defendant's girlfriend was a person who was involved in the unlawful use, possession or trafficking of drugs and who was involved in unlawful conduct.

Ms. Freeman further reported to Officer Simpson that when she had left the United States District Court in Asheville, North Carolina on July 20th that she took with her the defendant in her custody. She took the defendant by his former residence so that he could obtain some items of clothing. The defendant then told his mother that he was going to remain at the residence and that he would have his girlfriend bring him to Ms. Freeman's residence. Ms. Freeman objected and told the defendant that he had been placed in her custody and that he should travel with her to her home. The defendant refused. The next morning, Ms. Freeman awoke and found the defendant in her home along with his girlfriend who had evidently spent the night. Ms. Freeman objected to the presence of the defendant's girlfriend. The defendant then cursed his mother and used profanity toward her. Ms. Freeman then determined to return the defendant to the United States Probation Office in Asheville, North Carolina. On the way from Ms. Freeman's home to Asheville, North Carolina the defendant continued to curse and use profanity toward his mother. He advised

his mother that he would not reside with her and that he wanted to reside with his girlfriend. Ms. Freeman returned the defendant to the Probation Office and reported what had occurred to Officer Simpson and later reported it to the undersigned in open court.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer may at any time amend the order to impose additional or different conditions of release.

After considering the evidence presented concerning the actions of the defendant on July 20th and 21st, 2006, this court is of the opinion that the defendant is a person who is incapable of abiding any condition or combination of conditions of release. The undersigned further finds that the defendant has refused to comply with the conditions of pretrial release which required him to be in the custody of his mother and which also required him to have no contact with anyone involved in the unlawful use, possession of trafficking of drugs or involved in any other unlawful conduct and has refused to participate in the home confinement program component which required him to reside in the residence of his mother. As a result, the undersigned has determined to revoke the order setting conditions of release. Before the electronic monitoring became in effect the defendant, through his actions and statements, has indicated that he will not comply with those condition of release.

WHEREFORE the undersigned hereby enters an **ORDER revoking** the Order Setting Conditions of Release filed on July 20, 2006 and enters an **ORDER** detaining the defendant pending further orders of the court.

3

Signed: July 26, 2006

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge