IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:06CR12-2

FILED
IN COURT
BRYSON CITY, N. C.

AUG 0 4 2006

U. S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES OF AMERICA, )
)
Vs. )     RULE 11 INQUIRY and
)     ORDER OF ACCEPTANCE
ADRIAN JERELD FREEMAN. )     OF PLEA
)

The court is advised that you have filed a written plea agreement with the government in this case. The court is required by the Federal Rules of Criminal Procedure to inquire and advise you concerning the agreement. The court must ask you some questions and you will be required to personally respond to those questions under oath. I will now ask the Clerk to administer the oath to you.

1. Do you understand that you are now under oath and that you are required to give truthful answers to the questions that I am about to ask you?

    **YES:** _X_     **NO:** _____

2. Do you understand that if you give false information under oath you may be prosecuted for perjury or false statements?

    **YES:** _X_     **NO:** _____

3. Are you able to hear and understand my questions?

    **YES:** _X_     **NO:** _____

4. Do you understand that you have the right to have a United States District Judge conduct this proceeding?

    **YES:** _X_     **NO:** _____

5. Recognizing your right to proceed before a district judge, do you expressly consent to proceed in this court, that is, before a United States Magistrate Judge?

**YES:** _X_  **NO:** _____

6. Please state your full name, age, and education.

   Adrian Jerald Freeman  age 30  graduated from Smoky Mtn High School in 1994  can read + write

7. Are you presently under the influence of any intoxicating liquors?

   **YES:** _____  **NO:** _X_

   Are you presently under the influence of any narcotics?

   **YES:** _____  **NO:** _X_

   Are you presently under the influence of any medicines or drugs of any kind?

   **YES:** _____  **NO:** _X_

   Have you taken any medications within the last 48 hours?

   **YES:** _____  **NO:** _X_

   If so, what medications have you taken within the last 48 hours?

8. Are you currently under the care of a physician?

   **YES:** _____  **NO:** _X_

   Have you ever been treated for mental illness?

   **YES:** _____  **NO:** _X_

   Have you ever been treated for substance abuse?

   **YES:** _X_  **NO:** _____

   The defendant has completed the jail based inpatient Treatment program on 19th of July, 2006

9. Is your mind clear and do you understand that you are here today to enter a guilty plea that cannot later be withdrawn?

   **YES:** _X_  **NO:** _____

2

10. Have you and your attorney reviewed the ~~superseding~~ bill of indictment and have you and your attorney reviewed the plea agreement?

**YES:** __X__  **NO:** _____

11. From my examination of the plea agreement I am advised that you are pleading guilty to counts one and five as contained in the bill of indictment.

Read counts of the bill of indictment to which the defendant is pleading guilty. Are you pleading guilty to that offense or offense(s)?

**YES:** __X__  **NO:** _____

The law requires that I advise you of the essential elements of such an offense. The elements of the offense or offense(s) to which you are pleading guilty are as follows:

Count One:

1. That the conspiracy described in the bill of indictment, that is an agreement with others to violate the Federal Drug Act, was willfully formed and was existing at the time alleged in the bill of indictment;

2. That you willfully became a member of that conspiracy;

3. That the object of that conspiracy was to violate the Federal Drug Act by manufacturing, possessing with intent to distribute methamphetamine, a Schedule II controlled substance; and

4 You did such acts knowingly, intentionally, and willfully.

I am also required by law to advise you concerning the maximum and minimum penalties prescribed by law for such an offense or offense(s). Those maximum and minimum penalties are as follows:

Based on the amount of substance alleged in the bill of indictment, the maximum possible penalty for this offense is a term of imprisonment which may not be less than 10 years' or more than life imprisonment, a fine not to exceed the sum of $4,000,000, or both, a term of supervised release of at least 5 years' and a $100 special assessment. However, if at the time this offense was committed, you had a prior conviction for a felony drug offense which had become final, then you would be sentenced to a term of imprisonment which may not be less than 20 years' and not more than life imprisonment, a fine not to exceed the sum of $8,000,000, or both, and a term of supervised release of at least 10 years' and a $100 special assessment. If at the time this offense was committed you had two or

3

more prior convictions for a felony drug offense which had become final, then you would be sentenced to a mandatory term of life imprisonment without release, a fine not to exceed the sum of $8,000,000, or both, and a $100 special assessment.

Count Five:

1. That you committed a drug trafficking crime defined as a felony, punishable under the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act, as described in count one of the bill of indictment;

2. That you knowingly used or carried a firearm during and in relation to the commission of the crime described in count one the bill of indictment; and

3. That you committed all such acts knowingly, intentionally, willfully and unlawfully.

The maximum possible penalty for this offense is that in addition to the punishment provided for the drug trafficking crime as set forth in count one of the bill of indictment you would be sentenced to a mandatory minimum sentence of not less than 5 years' imprisonment if the firearm was used or carried, a minimum sentence of 7 years' if the firearm was brandished and a minimum sentence of 10 years' if the firearm was discharged and not to exceed life imprisonment, a fine not to exceed the sum of $250,000, or both, a term of supervised release of not more than 5 years' and a $100 special assessment. Such term of imprisonment must be consecutive to any other term of imprisonment and no probation or parole is allowed. If, however, you have previously been convicted of this offense, you would be sentenced to a term of imprisonment of not less than 25 years' or more than life imprisonment, a fine not to exceed the sum of $250,000, or both, a term of supervised release of not more than 5 years' and a $100 special assessment. Such imprisonment must be consecutive to any other term of imprisonment and no probation or parole is allowed.

These terms of imprisonment shall not run concurrently with any other term of imprisonment imposed upon you, including any term of imprisonment imposed for the drug trafficking crime during which the firearm was used, carried or possessed.

12. a) Do you fully understand the charges against you, including the maximum and minimum penalties?

**YES:** _X_    **NO:** _____

4

b) Do you understand each element of the offense charged?

**YES:** _X_       **NO:** _____

c) Do you understand that upon a plea of not guilty the government would be required to prove each element of the offense charged beyond a reasonable doubt?

**YES:** _X_       **NO:** _____

d) Do you understand that the government would be required to prove that the unlawful act(s) were committed knowingly, willfully, intentionally, and unlawfully?

**YES:** _X_       **NO:** _____

13. If the court imposes an active term of imprisonment of more than one year, the court is required also to order a term of what is called "supervised release," and a term of supervised release may be ordered in other circumstances. This means that after a defendant is released from prison, there are certain terms and conditions they will be required to follow. The length of supervised release usually ranges from one to five years, but may be more or less than that for certain offenses. Do you understand the term "supervised release" as the court has explained them to you?

**YES:** _X_       **NO:** _____

14. Do you understand that if you violate the terms and conditions of supervised release, you could be returned to prison for an additional period of time?

**YES:** _X_       **NO:** _____

15. Do you understand that parole has been abolished in the federal system; and if you are sentenced to a term of imprisonment, you will not be released on parole?

**YES:** _X_       **NO:** _____

16. Have you and your attorney discussed how the Sentencing Guidelines may apply in your case?

**YES:** _X_       **NO:** _____

5

17. Do you understand how these Guidelines may apply to you?

    **YES:** _X_    **NO:** _____

18. Do you understand that the court will not be bound by the Sentencing Guidelines but nonetheless must consult those Guidelines and take them into account when sentencing?

    **YES:** _X_    **NO:** _____

19. Do you understand that the sentence the Court will impose will be within the statutory limits and in the court's sound discretion and could be greater or less than the sentence as provided for by the Guidelines?

    **YES:** _X_    **NO:** _____

20. Do you understand that the court will follow the procedural components of the Guidelines system, which means that the Probation Office will prepare a presentence report which contains Guidelines calculations and both you and the Government will have an opportunity to object to any alleged deficiencies in the report?

    **YES:** _X_    **NO:** _____

21. Do you understand that in some circumstances you may receive a sentence that is different - that is, either higher or lower - than that called for by the Guidelines?

    **YES:** _X_    **NO:** _____

22. Do you understand that if the sentence is more severe than you expect or the court does not accept the Government's sentencing recommendation, you will still be bound by your plea and have no right to withdraw the plea of guilty?

    **YES:** _X_    **NO:** _____

23. Do you understand that the court has the discretion, in appropriate circumstances, to order you to make restitution to any victim of the offense. The court may also, in the appropriate circumstance, require you to pay the costs of your confinement in prison or costs of supervision or special investigative costs or all of these costs. The court may also require you to

6

forfeit property involved in the offense. Do you understand these requirements as I have explained them to you?

**YES:** X          **NO:** _____

24. Do you understand you have a right to plead not guilty, to have a speedy trial before a judge and jury, to summons witnesses to testify in your behalf, and to confront witnesses against you?

    **YES:** X          **NO:** _____

25. Do you understand that if you exercise your right to trial you would be entitled to the assistance of an attorney, that you would not be required to testify, that you would be presumed innocent, and the burden would be on the Government to prove your guilt beyond a reasonable doubt. Do you understand all of these rights?

    **YES:** X          **NO:** _____

26. Do you understand that by entering a plea of guilty you forfeit and waive (or give up) your right to plead not guilty, to a trial by jury and at that trial the right to assistance of counsel, the right to confront and cross-examine witnesses against you, and the right against compelled self-incrimination or any other rights associated with a jury trial. Do you understand that by entering this plea of guilty you are waiving (or giving up) all of these rights. There will be no trial. If your plea of guilty is accepted, there will be one more hearing where the district court will determine:

    (a)   Whether there is a factual basis for your plea; and

    (b)   What sentence to impose.

    Do you understand that?

    **YES:** X          **NO:** _____

27. Are you, in fact, guilty of the counts in the bill of indictment to which you have come to court today to plead guilty? That is, did you commit the act(s) described in counts one and five of the bill of indictment?

    **YES:** X          **NO:** _____

7

28. Is your plea of guilty voluntary and not the result of coercion, threats or promises other than those contained in the written plea agreement?

        **YES:** __X__         **NO:** _____

29. Do you understand that entering a plea of guilty to a felony charge may deprive you, at least for a time, of certain civil rights such as the right to vote, hold a public office, serve on a jury and possess a firearm?

        **YES:** __X__         **NO:** _____

30. Is your willingness to plead guilty the result of prior discussions between your attorney and the attorney for the government?

        **YES:** __X__         **NO:** _____

31. Have you and the government entered into a plea agreement in regard to this case? [Attorney for the government will present the terms of the agreement.]

        **YES:** __X__         **NO:** _____

32. Do you understand and agree with the terms of the plea agreement as they have just been explained to you?

        **YES:** __X__         **NO:** _____

33. Is this your signature on the plea agreement?

        **YES:** __X__         **NO:** _____

34. Have you discussed your right to appeal with your attorney, and do you understand the plea agreement in this case provides that you may not appeal your conviction or sentence or contest the same in a post-conviction proceeding unless it is on the grounds of prosecutorial misconduct or ineffective assistance of counsel?

        YES: __X__         NO: _____

8

Do you knowingly and willingly accept this limitation on your right to appeal and to file post-conviction proceedings?

**YES:** _X_       **NO:** _____

35. Counsel, have you reviewed each of the terms of the plea agreement with the defendant and are you satisfied that he(she) understands those terms?

    **YES:** _X_       **NO:** _____

36. Have you had ample time to discuss with your attorney any possible defenses that you may have to the charges and have you told your attorney everything that you want your attorney to know about this case?

    **YES:** _X_       **NO:** _____

37. Are you entirely satisfied with the services of your attorney?

    **YES:** _X_       **NO:** _____

38. Are you telling the court that you know and understand fully what you are doing; that you have heard and understood all parts of this proceeding; and that you want the court to accept your plea of guilty?

    **YES:** _X_       **NO:** _____

39. Do you have questions, statements, or comments to make about anything brought up or discussed in the course of the proceeding? If you do, I will be happy to try and answer your questions or I will be glad to hear any statements or comments that you want to make.

    **YES:** _____       **NO:** _X_

On advice and in the presence of counsel, the defendant respectfully requests the Magistrate Judge to accept his or her guilty plea. By signing below, the defendant (and counsel) certify and affirm that the answers given to the questions propounded by the court, as recorded above and on the record, are true and accurate to the best of their knowledge.

*A. J. Freeman*
Defendant's Signature

9

_____
Counsel's Signature

Based upon the representations and answers given by the defendant (and counsel) in the foregoing Rule 11 proceeding, the court finds that the defendant's plea is knowingly and voluntarily made; and that the defendant understands the charges, potential penalties, and consequences of said plea. Accordingly, the defendant's plea is hereby accepted.

**SO ORDERED,** this the 4th day of August 2006.

_____
**DENNIS L. HOWELL**
**UNITED STATES MAGISTRATE JUDGE**