# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06cr12

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| ADRIAN JERALD FREEMAN. ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, pursuant to a motion filed by the defendant on December 11, 2006 entitled, "Motion to Modify Conditions of Release." (#112) It appearing to the court at the call of this matter on for hearing that the defendant was present with his attorney, David Belser and that Donald Gast, Assistant United States Attorney, was present representing the government and from the records in this cause, the evidence presented and the arguments of counsel for the defendant and the Assistant United States Attorney, the undersigned makes the following findings:

**Findings:** The defendant was charged in a bill of indictment filed on April 26, 2006 with conspiracy to distribute methamphetamine and furtherance of such drug trafficking crime, possessing a firearm. On the 15th of May 2006, the undersigned entered an order after considering the factors under 18 U.S.C. § 3142(g) detaining the defendant for a period of 45 to 90 days and to further order that during that period of time the defendant be placed in the Jail Based Inpatient Treatment Program which had been developed by the United States

Probation Office. The undersigned further ordered that upon successful completion of the program, defendant's counsel should file a motion requesting the court reconsider the issue of the defendant's detention based upon a change of circumstances, that being the defendant's completion of the Jail Based Inpatient Treatment Program. On July 13, 2006, Mr. Belser filed a notice advising the defendant was schedule to complete the Jail Based Inpatient Treatment Program on July 19, 2006 and requested the undersigned reconsider the issue of detention. On July 20th, after hearing evidence from the defendant and the government, the undersigned entered an order releasing the defendant on terms and conditions of pretrial release. Those conditions included placing the defendant on electronic monitoring and further placing the defendant in the custody of his mother, Anita Freeman. The next day, on July 21, 2006, Ms. Freeman returned the defendant to the court and advised that the defendant had objected to residing in her home. The undersigned entered an oral order revoking the terms and conditions of pretrial release and detaining the defendant. On July 26, 2006, the undersigned entered a written order setting forth findings as to the reasons for revocation of the terms and conditions of the pretrial release of the defendant. On August 4, 2006, the defendant appeared before the court and entered a plea of guilty to the charges contained in the bill of indictment. On December 11, 2006, Mr. Belser filed a motion entitled, "Motion to Modify Conditions of Release" and set forth in the motion that the defendant's father was willing to act as a custodian for the defendant if the defendant was released on terms and conditions of pretrial release.

      The undersigned heard testimony from William B. Freeman, the father of the

defendant, and also from Anita Freeman, the defendant's mother. Mr. Freeman testified that he lived in the Balsam Community of Jackson County and that he was employed as a lineman for Duke Power Company. Mr. Freeman's testimony showed that he would be a fit and suitable person to act as a custodian for the defendant. Ms. Freeman testified that although she and Mr. Freeman are separated, that they have a good relationship in regard to their son and that she was more than willing to assist in acting as a custodian for her son. She further advised the court that the defendant had apologized profusely to her for his actions of July 20 and 21, 2006. Neither Mr. or Mrs. Freeman have any type of criminal record and would be excellent persons to act as custodians for the defendant.

**Discussion.** Initially, the undersigned brought to the attention of the parties the issue of whether or not the court should apply the factors set forth under 18 U.S.C. § 3142 in determining whether or not to release the defendant or if the court should apply 18 U.S.C. § 3143. 18 U.S.C. § 3143 provides as follows:

> (a) **Release or detention pending sentence.** —(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
> 
>     (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>         (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community

The undersigned determined to apply the factors as set forth under 18 U.S.C. § 3142 rather than 18 U.S.C.§ 3143 for the following reasons:

1) The motion of the defendant was a motion asking that the court reconsider and modify previously issued conditions of release. As set forth above, the undersigned had initially entered an order detaining the defendant so that the defendant could complete the Jail Based Inpatient Treatment Program. The defendant did so and as a result, the undersigned entered an order releasing the defendant on terms and conditions of pretrial release. Within one day, the defendant declined to comply with those conditions and the terms and conditions of pretrial release were revoked. The defendant is now asking the court to reconsider that revocation which the undersigned determines would be under the provisions of 18 U.S.C. § 3142(f)(2) which allows the hearing to be reopened at any time before trial.

2) The second reason that the undersigned has determined to apply the factors as set forth under 18 U.S.C. § 3142 is based upon the language as is set forth in 18 U.S.C. § 3143. 18 U.S.C. § 3143 uses the language as follows: "a person who has been found guilty of an offense". The defendant has entered a plea of guilty but he has not been "found guilty". This language was discussed in United States v Bloomer, 967 F.2d 761, (2d Cir. 1992). In Bloomer the 2nd Circuit discussed the language in the statute as follows: "The terms applied

4

to various steps in the criminal process do not always have the same meaning. Instead, their meanings vary depending on the statute, rule, or other source of law in which the term is used." The 2nd Circuit found that the language "found guilty of an offense" meant a jury's guilty verdict. In this case, the defendant has entered a plea of guilty. He was not found guilty by a jury. As stated in the Rule 11 inquiry, even though the defendant has entered a plea of guilty there are two remaining steps that the District Court has to determine. That being:

a) Whether there is a factual basis for his plea; and

b) What sentence to impose.

As a result of the foregoing two considerations, the undersigned determined to consider the release of the defendant under 3142. 18 U.S.C. § 3142(f) specifically states:

> the hearing may be reopened, before, or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that would reasonably assure the appearance of such person as required and the safety of any other person and the community.

The undersigned finds that the offer of a custodian type release of the defendant to both his mother and father would be such a change of circumstances. The undersigned has reconsidered all factors as set forth under 18 U.S.C. § 3142(g) and finds the following:

(1) The nature and circumstances of the offense charged do involve a narcotic

drug;

(2) The weight of the evidence against the defendant appears to be significant. The defendant has tendered a plea of guilty;

(3) In regard to the history and characteristics of the person, the defendant has family ties, has consistently had employment during his lifetime and has a long length of residence in the Jackson County community. His history relating to drug or alcohol abuse consists of a history of approximately one year of methamphetamine use. The defendant has no convictions for any type of alcohol offense. The defendant's criminal history shows a conviction in August 2005 for second degree trespassing; in May 2005 for failure to pay child support and he has one charge of possession of drug paraphernalia and another charge of obtaining property by false pretense that are pending. The defendant did fail to appear in regard to the possession of drug paraphernalia charge. During the period alleged in the bill of indictment, the defendant was on unsupervised probation for the crime of second degree trespassing and he had been released on bond on the charge of possession of drug paraphernalia.

(4) In regard to the nature and seriousness of the danger to any person or the community that would be posed by his release, it appears that the defendant is thirty years old and that until May 2005 the defendant did not have any criminal record other than a safe movement violation. He had been gainfully employed at Duke Power Company and at other types of employment and was further employed as a bulldozer operator with Bear Paw

Construction Company in Franklin at the time of his arrest. His mother and father appear to be solid, responsible, hard-working individuals who have promised to supervise the defendant in accordance with all conditions of release and to use every effort to assure his appearance at all scheduled court proceedings and to notify the court immediately in the event the defendant violates any condition of release or disappears. He has successfully completed the Jail Based Inpatient Treatment Program. As a result, the undersigned determined that the release of the defendant would not create a danger to any other person or the community. There has not been shown by a preponderance of the evidence that the release of the defendant would create a risk of flight. The defendant has never resided anywhere during his lifetime other than Jackson County, North Carolina.

Based upon the foregoing, the undersigned has determined to enter an order releasing the defendant consistent with the terms and conditions as set forth in the order setting conditions of release that has been executed by the defendant, his mother and father, and the undersigned and which are incorporated herewith. The government has advised the court that the government wishes to appeal this order and as a result the undersigned will stay the release of the defendant so that the District Court can have sufficient opportunity to hear arguments from the Assistant United States Attorney and the defendant's counsel as to the rulings made by the undersigned.

**ORDER**

**WHEREFORE, it is the ORDER** of the court:

1) That the defendant's "Motion to Modify Conditions of Release" (#112) is

hereby **ALLOWED** and the defendant is ordered to be released on terms and conditions of pretrial release which are incorporated herein.

2) That this order is **STAYED** pending appeal by the government and the consideration of the appeal by the District Court.

Signed: December 28, 2006

Dennis L. Howell
United States Magistrate Judge