UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DOCKET NO. 2:06CR12-2 |
| | ) | |
| vs. | ) | |
| | ) | NOTICE OF APPEAL OF RELEASE |
| | ) | ORDER and MEMORANDUM IN |
| 2) ADRIAN JERALD FREEMAN, | ) | SUPPORT OF DETENTION |
| A.K.A. "A.J.," | ) | |
| Defendant. | ) | |
| _____ | ) | |

NOW COMES the United States of America, by and through Gretchen C. F. Shappert, United States Attorney for the Western District of North Carolina, pursuant to Title 18, United States Code, Section 3145(a), to formally give notice of appeal of the Order of Release issued by United States Magistrate Judge Dennis L. Howell on December 22, 2006.[1] In support of this appeal, the United States offers the following:

I.  FACTUAL BACKGROUND

On April 26, 2006, Freeman and six other co-defendants were indicted in a eighteen-count Bill of Indictment arising out of a conspiracy to distribute methamphetamine. Specifically, Freeman was charged with conspiracy to possess with the intent to distribute methamphetamine (involving at least 500 grams of a mixture or substance containing a detectable amount of

---

[1] On the date of the issuance of the oral Order, the United States – with the encouragement of United States Magistrate Judge Howell – entered oral notice of appeal and requested a stay of the release order. Judge Howell granted the stay of execution of the Order. The Magistrate Court filed its written Order on December 29, 2006.

Page 1 of 11

methamphetamine) in violation of 21 U.S.C. §§ 841 and 846, and with possession of a firearm during and in relationship to that conspiracy in violation of 18 U.S.C. § 924(c).

On May 15, 2006, Judge Howell ordered the Defendant to be detained and ordered him to attend and complete the Jail-Based Inpatient Treatment Program (hereinafter "JBIT"). Judge Howell also indicated in his Order that he would reconsider the issue of detention upon the successful completion of JBIT. *Order of Detention Pending Trial*, p. 4, May 15, 2006.

On July 13, 2006, Freeman filed a motion for reconsideration of bond, citing in his motion that he was due to complete JBIT on July 19, 2006. This motion was set for hearing before Judge Howell on July 20, 2006. Following a hearing on July 20, Freeman was released on a $30,000 unsecured appearance bond into the custody of his mother. Additional terms of bond included that he be placed on home detention to be monitored electronically and that he not associate with persons engaged in unlawful conduct or the use of drugs. *Order Setting Conditions of Release*, July 20, 2006.

The next day, July 21, 2006, Judge Howell conducted a revocation hearing after Freeman's custodian and mother returned him to the probation office because he already was in violation of his conditions of release. The Magistrate Court found that shortly after his release Freeman "objected to residing with Ms. Freeman, his mother, and wanted to reside with his girlfriend," whom his mother identified as a known drug-user. *Order*, p. 2, July 26, 2006. Shortly after his release, his mother took Freeman to his girlfriend's home to recover some clothing. Once there, Freeman told his mother that he was going to stay at his girlfriend's home and that she would drive him back to Ms. Freeman's home later. "Ms. Freeman objected and told the defendant that he had been placed in her custody and that he should travel with her to her

home. The defendant refused." *Id.* Freeman did later return to his mother's home, but did so with his girlfriend who spent the night. When Ms. Freeman objected to the girlfriend's presence in her home, Freeman "cursed his mother and used profanity toward her." *Id.* Ms. Freeman then did what the court expected of her: she took Freeman back to the probation office. Freeman "continued to curse and use profanity toward his mother" during this trip and told her that "he would not reside with her and that he wanted to reside with his girlfriend." *Id.*, p. 2-3. Judge Howell revoked his bond, finding that Freeman "is a person who is incapable of abiding any condition or combination of conditions of release." *Id.*, p. 3.

On July 24, 2006, the parties filed a signed Plea Agreement. The Plea/Rule 11 Hearing was successfully conducted on August 4, 2006.

On December 11, 2006, Freeman filed a second Motion to Modify Conditions of Release. The only circumstances cited in this Motion were that Ms. Freeman's former husband was willing to take custody of the Defendant and that the Defendant had "agreed to abide by all of [Mr. Freeman's] rules, including no contact with his girlfriend." *Motion to Modify Conditions of Release*, p. 1, December 11, 2006.

The Magistrate Court heard the Motion on December 22, 2006. Judge Howell heard the testimony of both Mr. and Ms. Freeman and found that both would be "excellent persons to act as custodians for the defendant." *Order*, p. 3, December 29, 2006. The Magistrate Court elected, over the Government's objection, to apply the standard set forth in 18 U.S.C. § 3142 rather than that found in § 3143. Judge Howell cited two reasons for this decision in his Order: first, that 18 U.S.C. § 3142(f)(2) allows the Magistrate Court to reopen a revocation hearing at any time before trial; and second, that the defendant was not "found guilty" under the meaning of § 3143

because he pled guilty rather than being found guilty by a jury following trial. *Id*. at 4-5. Using the standard found in § 3142, the Magistrate Court ordered the Defendant's release, but stayed the execution of the Order pending this appeal.

## II.     ARGUMENT

### 1.     The Magistrate Court erred as a matter of law by applying the incorrect statutory standard

Title 18, United States Code, Section 3143(a)(2) reads in pertinent part:

> The judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained *unless* –
> (A)(I) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

(Emphasis added). The crime for which Freeman is awaiting sentencing, conspiracy to possess with intent to distribute methamphetamine, is a qualifying crime under 18 U.S.C. § 3142(f)(1)(C) because it is a violation of the Controlled Substances Act which carries a maximum term of imprisonment exceeding ten years. The Defendant, having entered his guilty plea during his Plea/Rule 11 Hearing and having said plea accepted by Judge Howell, has been "found guilty" of such a crime, even though the acceptance of the plea *agreement* has been deferred to the time of sentencing. *See United States v. Luisa*, 266 F. Supp.2d 440 (W.D.N.C. 2003) (Thornburg, J.) ("the use within § 3143(a)(2) of the phrases 'a person who has been found guilty' and who 'is

awaiting imposition' of sentence clearly includes a defendant who has entered a guilty plea but who has not yet been sentenced. Otherwise, the language of the statute would be meaningless."); *Order* at 5-6, *United States v. Marshall*, No. 3:03-cr-00027 (W.D.N.C. Dec. 11, 2003) (Thornburg, J.) (same).[2] Neither of the special exceptions contained in subsection (A) were either asserted or found.

The Magistrate Court chose not to apply this standard in part because it found that a defendant is not "found guilty" under § 3143 unless he is so found by a jury and not by a guilty plea. The Magistrate Court cited *United States v. Bloomer*, 967 F.2d 761 (2nd Cir. 1992) in support of this distinction. However, *Bloomer* does not hold that a jury determination of guilt is a *necessary condition* for the application of § 3143, instead holding that a jury verdict of guilty is a *sufficient condition*. In *Bloomer*, the defendant had been convicted at trial of a qualifying crime, following which the Government moved for his immediate detention pursuant to § 3143. The district court refused and applied § 3142 because it found that § 3143 did not apply until a judgment of conviction was imposed. The Second Circuit held that a jury verdict alone was sufficient to invoke § 3143 and remanded the case back for consideration under that section. The Second Circuit did not address whether a guilty plea also serves as a sufficient condition, nor did it draw any distinction between a guilty plea and a jury verdict.

The issue of whether a defendant is "found guilty" under § 3143 following a guilty plea is

---

[2] The Fourth Circuit affirmed a similar holding by Judge Conrad without comment. *See Transcript of Detention Hearing* at 11, *United States v. Horne*, No. 3:04-cr-00213 (W.D.N.C. Nov. 1, 2005) (Conrad, J.) ("So I find based upon *Breedlove* [7 Fed. Appx. 268 (4th Cir. 2001)] and based upon reasoning in District Court decisions of this District that I'm familiar with . . . that [the defendant's] plea has been accepted and that triggers 3143 scrutiny.") aff'd, No. 05-5226 (4th Cir. Mar. 21, 2006).

well-settled in this District.  *See Louisa, Marshall* and *Horne, infra.; see also Order* at 1-2, *United States v. Jett*, No. 3:02-cr-00222 (W.D.N.C. March 7, 2003) (Vorhees, J.) ("The Magistrate Judge accepted Defendant's plea and Defendant is now awaiting sentencing.  While the undersigned will ensure that there is a factual basis to support the plea, and reaffirm the Magistrate Judge's acceptance of that plea at the time of sentencing, for all practical purposes, Defendant has already been adjudicated guilty."); *Order* at 2-3, *United States v. Williams*, No. 3:01-cr-00183 (W.D.N.C. July 25, 2002) (Thornburg, J.) (applying section 3143 following a guilty plea taken by the magistrate judge and prior to sentencing); *Order* at 2, *United States v. Fayad*, No. 3:02-cr-00093 (W.D.N.C. June 18, 2002) (Vorhees, J.) ("Because the Defendant is now awaiting sentencing, his eligibility for bond must be reviewed pursuant to 18 U.S.C. § 3143(a)(2).").  There is nothing in the plain meaning of § 3143 that Congress intended any different treatment for defendants who plead guilty from defendants who are convicted at trial.  If Congress intended such a distinction, it would have been easy to make manifest those wishes with clear language to that effect.  Instead, Congress made this strict standard of detention apply to all who are "found guilty."

      The Magistrate Court's second rationale for applying § 3142 is that subsection (f)(2) allows the hearing to be reopened at any time before trial.  Although this is true, this subsection does not apply for two reasons.  First, in that the Defendant has pled guilty, there will be no trial and thus the case is no longer in the pre-trial phase.  The Defendant is now awaiting sentencing, not trial, so the plain meaning of § 3143 should apply and supersede § 3142(f)(2).  Second, even the ability to reopen the hearing pre-trial is limited.  The relevant section of § 3142(f)(2) reads as follows:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists *that was not known to the movant at the time of the hearing* and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Magistrate Court did not find in its Order new, material information previously unknown to the *Defendant* exists, finding only that "the offer of a custodian type release of the defendant to both his mother and father would be such a change of circumstances." *Order*, p. 5, December 29, 2006. Congress has made it clear that in order to ensure the finality of bond hearings the matter should only be reopened if a truly novel issue arises that was unknown to not just the court, but to the moving party. Otherwise, a defendant (or the Government, for that matter) could request repeated hearings, each time adding an additional piece of information that, although perhaps unknown to the court, was available to the movant at the time of the first hearing. Here the Defendant clearly knew that he had responsible parents who were willing to take custody of him. Indeed, such custody had been granted once, only to be violated the next day because the Defendant would not abide by his mother's or the Court's terms. Even under a § 3142(f)(2) standard, there was no new information posed that was unknown to the movant, so the Motion should have been denied. However, because the Defendant was awaiting sentencing rather than trial, § 3143 should have been applied.

Congress has made it abundantly clear that barring exceptional circumstances that do not appear here, persons who have been found guilty of serious drug felonies *shall* be detained while awaiting sentencing. This strict standard is often avoided in drug cases in our District by the simple mechanic of continuing the initial bond review indefinitely for cause when defense

counsel presents no evidence on detention so that when a defendant does wish to request a bond it may be considered to be timely even after the acceptance of his guilty plea. This is not the procedural posture of this case. Freeman initially presented no evidence and consented to participate in JBIT on May 8, 2006, but received a bond hearing during which he presented evidence on July 20, 2006, following his completion of JBIT. He was then revoked the following day for immediately violating the terms of his release. Thereafter he was found guilty on August 4, 2006. Any subsequent hearing on bond such as that conducted on December 22, 2006, cannot be considered timely held prior to being found guilty. Consequently, the statutory standard for bond consideration should have been that found in 18 U.S.C. § 3143(a)(2), not that found in § 3142.

    **2.    There are no "exceptional reasons" why Freeman's detention would not be appropriate**

Title 18, United States Code, Section § 3145(c) reads in pertinent part:

> A person subject to detention pursuant to section 3143(a)(2). . . , and who meets the conditions of release set forth in section 3143(a)(1). . . , may be ordered released [upon appellate review by the District Court], under appropriate conditions, by the judicial officer, if it is *clearly shown* that there are *exceptional reasons* why such person's detention would not be appropriate.

(Emphasis added). Although Congress did not give the Magistrate Court the discretion not to detain persons found guilty of drug crimes such as this, it did permit the District Court to exercise some limited discretion to avoid the strict application of § 3143(a)(2) upon appellate review.

No "exceptional reasons" were "clearly shown" in this case. All Freeman presented at the bond hearing on December 22, 2006, was the testimony of his parents, who merely opined

that Freeman had a different attitude toward the Magistrate Court's orders and presented Mr. Freeman as a custodial alternative to Ms. Freeman.  Merely having a suitable custodian cannot constitute an "exceptional reason."  Indeed, if this were all it would take to meet this seemingly-high burden, the language of both § 3143(a)(2) and § 3145 would be rendered essentially meaningless.

Freeman's case falls well within the heartland of methamphetamine distribution conspiracies.  He has been found guilty not only of conspiring to distribute methamphetamine, but also of possessing a firearm in furtherance of said crime.  According to the Plea Agreement, the amount of methamphetamine (actual) that was known to or reasonably foreseeable by the Defendant was in excess of 5 grams, but less than 20 grams.  If this joint recommendation by the parties is accepted by this Court, the Defendant will be facing at least 5 years imprisonment for the drug conspiracy and an additional consecutive 5 years imprisonment for the firearms count.  No "exceptional reason" has been "clearly shown" that the detention of this Defendant who is facing at least 10 years in prison for his crimes would be any less appropriate than any other defendant.

### III.  CONCLUSION

The Magistrate Court erred in applying § 3142 rather than § 3143(a)(2) because the Defendant had been found guilty of a serious drug felony, was awaiting sentencing, and did not fall under any of the limited exceptions to the strict rule demanding mandatory detention.  This being his second motion for release, and it coming after his Plea/Rule 11 Hearing, the Defendant cannot claim that this motion was timely made prior to his guilty plea.

Freeman was given his chance at release, but instead chose to immediately thumb his

Page 9 of  11

Case 2:06-cr-00012-MR-DLH   Document 114   Filed 12/29/06   Page 9 of 11

nose at both the Court and his own mother.  Under any standard, this conduct justifies his detention.  A substitute custodian is not even a sufficient changed circumstance for reconsideration of bond, much less an "exceptional reason" why it would be inappropriate to detain one found guilty of possessing a gun in furtherance of a conspiracy to distribute methamphetamine and facing a minimum of ten years' imprisonment in exception to a clearly-stated expression of congressional intent that such criminals be detained pending sentencing.

WHEREFORE the United States respectfully requests that the Court revoke the Magistrate Court's release order entered on December 29, 2006, and order that the Defendant be detained without bond pending sentencing as required by 18 U.S.C. § 3143(a)(2).

RESPECTFULLY SUBMITTED, this the 29th day of December, 2006.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY


/s Don Gast
_____

DON GAST
ASSISTANT UNITED STATES ATTORNEY
N.C. Bar Number: 23801
100 Otis Street, Suite 233
Asheville, NC 28801
Telephone: (828) 271-4661
Facsimile: (828) 271-4670
Don.Gast@usdoj.gov

## CERTIFICATE OF SERVICE

The foregoing document was filed electronically via ECF and was served on counsel for the Defendant via ECF. The email address contained in ECF for defense counsel is as follows:

David Belser          davidbelser@aol.com


GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY


/s Don Gast

DON GAST
ASSISTANT UNITED STATES ATTORNEY
N.C. Bar Number: 23801
100 Otis Street, Suite 233
Asheville, NC 28801
Telephone: (828) 271-4661
Facsimile: (828) 271-4670
Don.Gast@usdoj.gov